Christopher Seidman (licensed in New York)
Harmon & Seidman LLC
101 S. Third Street, Suite 265
Grand Junction, CO 81501
(970) 245-9075
Email: chris@harmonseidman.com

Maurice Harmon (of counsel)
Harmon & Seidman LLC
11 Chestnut Street
New Hope, PA 18938
(917) 561-443
Email: maurice@harmonseidman.com

Autumn Witt Boyd (of counsel)
Harmon & Seidman LLC
P.O. Box 4932
Chattanooga, TN 37405
(423) 756-6013
Email: autumn@harmonseidman.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

McGRAW-HILL SCHOOL EDUCATION
HOLDINGS, LLC and McGRAW-HILL
GLOBAL EDUCATION HOLDINGS, LLC,
    Plaintiffs,

v.

JON FEINGERSH PHOTOGRAPHY,
INC., and JON FEINGERSH,
    Defendants;

---------------------------------------------------------

JON FEINGERSH PHOTOGRAPHY,
INC.,
    Counter-Claimant,

v.

McGRAW-HILL SCHOOL EDUCATION
HOLDINGS, LLC and McGRAW-HILL
GLOBAL EDUCATION HOLDINGS, LLC,
    Counter-Defendants.

---------------------------------------------------------------X

14-cv-5050-GBD

**MOTION TO DISMISS BY DEFENDANT JON FEINGERSH**

Defendant Jon Feingersh ("Feingersh" or "Defendant") hereby moves to dismiss Plaintiffs McGraw-Hill School Education Holdings, LLC and McGraw-Hill Global Education Holdings, LLC (collectively "McGraw") Complaint against him (Doc. No. 1, "Complaint") for failing to state a claim and for lack of subject matter jurisdiction.

## PRELIMINARY STATEMENT

On July 7, 2014, McGraw filed this declaratory judgment action[1] against Feingersh and Jon Feingersh Photography, Inc. requesting the Court declare McGraw has not infringed the copyrights in unspecified photographs, and asking for its "costs and disbursements incurred in this action, including its reasonable attorney's fees."[2] Because McGraw failed to allege an essential element of any copyright infringement claim – Feingersh's ownership of the copyrights-in-suit[3] – McGraw's Complaint, on its face, fails to state a claim against Feingersh. Feingersh does not own any of the relevant copyrights, therefore this Court cannot issue any declaration relating to Feingersh regarding McGraw's infringements, or lack thereof, in those copyrights.

## FACTS

Feingersh is a photographer and president of Jon Feingersh Photography, Inc., a Maryland stock photography agency that licenses photographs Feingersh creates within the scope of his employment duties for the agency.[4] McGraw is a global textbook publisher whose

---

[1] Under the federal Declaratory Judgment Act, 28 U.S.C. § 2201.
[2] Complaint (Doc. 1), Prayer for Relief.
[3] Only "[t]he *legal or beneficial owner* of an exclusive right under a copyright is entitled, subject to the requirements of section 411, to institute an action for any infringement of that particular right committed while he or she is the owner of it." 17 U.S.C. § 501(b) (emphasis added).
[4] Complaint ¶¶ 6, 7; Defendant Jon Feingersh Photography, Inc.'s Answer and Counterclaims, Doc. 7, ¶ 57) ("Counterclaims").

2

principal place of business is New York, New Jersey.[5]

JFPI owns the copyrights to the photographs attached to McGraw's Complaint.[6] From 1995 to 2013, McGraw requested, and JFPI or its agents (The Stock Market, Zefa, Corbis Corporation, Superstock, Getty, and Blend) sold, limited licenses authorizing McGraw to reproduce certain JFPI photographic images in its educational publications. JFPI or its agents expressly limited the number of copies, distribution area, language, duration, and/or media (print or electronic) for each publication, and were paid accordingly. Unknown to JFPI, McGraw used some of the photographs beyond the license limits and in some instances without any license at all.

On July 3, 2014, JFPI's counsel sent an inquiry letter to McGraw's counsel, asking for information about whether McGraw had infringed JFPI's copyrights or breached the terms of certain licenses issued by Corbis Corporation ("Corbis").[7] The letter stated that JFPI's counsel "has been retained to represent *Jon Feingersh Photography, Inc. ('JFPI')*," asked about "infringements of *JFPI's* works," and nowhere referred to Feingersh individually.[8] McGraw refused to provide the requested information, and instead filed this declaratory judgment action against both JFPI and Jon Feingersh, who has no individual ownership interest in the copyrights at issue.

On July 25, 2014, JFPI's counsel asked McGraw's counsel what non-frivolous basis it had for naming Feingersh individually in this action. McGraw refused to answer the question.[9]

---

[5] Complaint ¶¶ 4, 5, 12.
[6] *See* JFPI Counterclaims, ¶¶ 57, 66.
[7] *See* Exhibit 1 to the Complaint.
[8] *Id*. (emphasis added).
[9] *See* Exhibit 1 hereto.

3

# LEGAL ANALYSIS

**I.    McGraw's claim for declaratory judgment of non-infringement of copyrights should be dismissed because McGraw has not pleaded Feingersh is the owner of the copyrights for such works, and Feingersh in fact has no ownership interest in the works.**

In evaluating the sufficiency of the pleadings on a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in non-movant's favor.[10] The court must evaluate whether the complaint provides "a short and plain statement of the claim showing that the pleader is entitled to relief."[11] Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though the plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[12] It must contain sufficient factual matter to "state a claim to relief that is plausible on its face."[13] A complaint must give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests."[14] These same standards apply when evaluating a Rule 12(b)(6) motion to dismiss a declaratory judgment claim.[15]

In order to survive a motion to dismiss in a copyright infringement case, a plaintiff must

---

[10] *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).
[11] Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[12] *Twombly*, 550 U.S. at 555.
[13] *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citation omitted).
[14] *Twombly*, 550 U.S. at 555.
[15] *See, e.g., Brecher v. Citigroup Inc.*, 797 F.Supp.2d 354, 375 (S.D.N.Y. 2011) (dismissing declaratory judgment that a release was void or voidable where the complaint contained "no factual allegations that would render the release unenforceable.") (vacated on other grounds, but declaratory judgment claim found to still be futile, 2011 WL 5525353 *6-7 (S.D.N.Y. Nov. 14, 2011); *Howard v. Whiteside*, No. 4:10-CV-13 CAS, 2010 WL 1463018 *2-4 (E.D. Mo. April 13, 2010) (rejecting declaratory judgment plaintiff's argument that *Twombly* does not apply to a declaratory judgment claim and applying *Twombly* standard to Rule 12(b)(6) motion to dismiss declaratory judgment claim).

plead with sufficient specificity: "1) which specific original works are the subject of the copyright claim, 2) that plaintiff owns the copyrights in those works, 3) that the copyrights have been registered in accordance with the statute, and 4) by what acts during what time the defendant infringed the copyright."[16]

Section 501(b) of the Copyright Act permits only "[t]he legal or beneficial owner of an exclusive right under a copyright . . . to institute an action for any infringement of that particular right committed while he or she is the owner of it."[17] McGraw does not make any allegation that Feingersh (or even JFPI) owns the copyrights for which it seeks a declaration of non-infringement. McGraw only asserts,

> Defendant Jon Feingersh is a commercial photographer who lives and works in Maryland, and who travels throughout the United States, and the world, for his photography business. Mr. Feingersh is the president and sole owner of Defendant Jon Feingersh Photography, Inc. On information and belief, Jon Feingersh is a stock photographer whose photos in this dispute were used by McGraw-Hill Education in its textbooks under authorization provided by Corbis or its predecessor TSM.[18]
> . . .
> Jon Feingersh is a commercial photographer who operates the stock photo agency, Jon Feingersh Photography, Inc. Through his stock photo business, either in his own name, his agency's name, or through stock photo agencies such as Corbis, Feingersh supplies photographs to publishers for use in their books and other publications.[19]

McGraw is not entitled to any declaration regarding Feingersh, since it did not even plead that he owns any of the copyrights at issue. And, in fact, Feingersh does not own any of

---

[16] *Arma v. Buyseasons, Inc.*, 591 F.Supp.2d 637, 643-644 (S.D.N.Y. 2008) (*quoting Kelly v. L.L. Cool J.,* 145 F.R.D. 32, 36 (S.D.N.Y. 1992)); *accord. Wu v. Pearson*, No. 09 Civ. 6557(RJH), 2010 WL 3791676 *5 (S.D.N.Y. Sept. 29, 2010) (Holwell, D.J.).
[17] 17 U.S.C. § 501(b).
[18] Complaint ¶ 7.
[19] Complaint ¶ 14.

5

the copyrights at issue.[20]  Feingersh created the photographs, licensed to McGraw, in the scope of his duties as an employee of JFPI.[21]  Under the Copyright Act, these photographs are "works made for hire," and JFPI, not Feingersh, is the author and initial owner of the copyrights.[22]  Feingersh, the individual, has never owned any of the copyrights in the in-suit photographs.

And merely because he owns JFPI does not permit McGraw to name him as an individual defendant.  "It is a 'well settled policy' in Maryland that a company, large or small, is a separate entity from its owners and shareholders, and the rights and responsibilities of the company are separate and distinct from those of its owners and shareholders."[23]  McGraw has not pleaded any facts that would permit the piercing of the corporate veil to personally name Feingersh as a defendant for its declaratory judgment claims regarding JFPI's copyrights, or to hold Feingersh liable for the attorney's fees and costs McGraw seeks.[24]

The Ninth Circuit addressed a similar issue in *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*[25]  There the court was evaluating a defendant's affirmative defense that a

---

[20] *See* Declaration of Jon Feingersh, filed herewith.
[21] *Id.*
[22] *See* 17 U.S.C. §§ 101; 201(b).
[23] *Norman v. Borison,* 192 Md.App. 405, 422, 994 A.2d 1019, 1029 (Md.App. 2010) (*quoting Stein v. Smith*, 358 Md. 670, 682, 751 A.2d 504 (2000)); *see also Morris v. N.Y. State Dep't of Taxation & Finance*, 82 N.Y.2d 135, 140 (N.Y. Ct. App. 1993)(noting "accepted principles that a corporation exists independent of its owners, as a separate legal entity, that the owners are normally not liable for the debts of the corporation, and that it is perfectly legal to incorporate for the express purpose of limiting the liability of the corporate owners.").
[24] *See id., see also, e.g., JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc.*, 306 F.Supp.2d 482, 485 (S.D.N.Y. 2004) ("Generally . . . piercing the corporate veil requires a showing that: (1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in the plaintiff's injury.") (*quoting Morris v. New York State Dep't of Taxation & Fin.*, 82 N.Y.2d 135, 603 N.Y.S.2d 807, 623 N.E.2d 1157, 1160 (1993)).
[25] *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1553 -1554 (9th Cir. 1990).

declaratory judgment plaintiff did not own valid copyrights to the works at issue, and held, "if Hal Roach Studios has no property interest to protect, no substantive rights of the parties would be affected by a declaration as to when the license agreement ends. In other words, there would be no actual case or controversy between Feiner & Co. and Hal Roach Studios; in such circumstances there is no basis for a judicial declaration as to the expiration date of the license agreement." Similarly here, since Feingersh has *no ownership interest* in the copyrighted photographs on which McGraw seeks a declaration, there is no basis for the Court to make any declaration against Feingersh.[26]

Patent law is also helpful by analogy here. The Northern District of California recently granted a motion to dismiss a declaratory judgment claim – without leave to amend – where the plaintiff alleged parties not named as defendants in the suit owned the patents.[27] The court noted the rule that, "(i)n order for a plaintiff to have standing in a declaratory action involving allegations of patent infringement, the defendant[s] must have a legal right in the patent at issue that would allow the defendant[s] to bring suit for infringement."[28]

McGraw only asks for the Court to issue declarations that it is "not liable to Feingersh[29] for copyright infringement," on various grounds.[30] McGraw does not seek a declaration

---

[26] *See Springfield Hosp. v. Hofmann*, 488 F. App'x 534, 535 (2d Cir. 2012) (holding that the plaintiff "cannot maintain an action for a declaratory judgment without an underlying federal cause of action.") (*citing In re Joint E. & S. Dist. Asbestos Litig.*, 14 F.3d 726, 731 (2d Cir.1993)(" a court may only enter a declaratory judgment in favor of a party who has a substantive claim of right to such relief.").

[27] *Xilinx, Inc. v. Invention Inv. Fund I LP*, No. C 11–0671 SI, 2011 WL 3206686 *3 (N.D. Cal. July 27, 2011).

[28] *Id*. (*quoting Top Victory Elecs. v. Hitachi Ltd*., No. 10–01579–CRB, 2010 WL 4722482, at *2 (N.D. Cal. Nov.15, 2010).

[29] McGraw defines "Feingersh" to describe both JFPI and Feingersh individually. Complaint, p. 1 preliminary paragraph.

[30] Complaint, Prayer for Relief.

regarding ownership of the photographs-in-suit,[31] perhaps the only scenario in which a declaratory judgment against a non-owner of a copyright might be appropriate.[32] Here, since Feingersh would not have standing to bring suit for infringement of copyrights McGraw does not even allege he owns, McGraw does not have standing to seek a declaration against Feingersh regarding infringement of those copyrights.

**II.   The Court has no subject matter jurisdiction over claims against Feingersh.**

For the reasons stated above, because the claims-in-suit do not affect Feingersh or his rights in any way, the Court does not have subject matter jurisdiction to issue a declaration against him. "An action for declaratory judgment must meet the 'case or controversy' requirement in that it 'must be sufficiently real and immediate, allowing specific and conclusive relief . . . and be ripe for adjudication.'"[33] The Court cannot issue declarations that do not affect the parties' substantive legal rights.[34] "The "simple test" [for subject matter jurisdiction in a declaratory judgment case] articulated by the Second Circuit asks '(1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; and (2) whether a judgment would finalize the controversy and offer relief from uncertainty.' "[35] Here, McGraw's Complaint against Feingersh does not satisfy either prong.

---

[31] *See* Complaint, ¶35; Prayer for Relief.
[32] *See, e.g., 16 Casa Duse, LLC v. Merkin*, 12 Civ. 3492(RJS), 2013 WL 5510770 * 10 (S.D.N.Y. Sept. 27, 2013) (granting declaratory judgment that, *inter alia*, defendant did not own any copyright interest in film).
[33] *Doe No. 1 v. Knights of Columbus*, 930 F.Supp.2d 337, 367 (D. Conn. 2013) (*quoting Dow Jones & Co., Inc. v. Harrods Ltd.,* 237 F.Supp.2d 394, 406 (S.D.N.Y. 2002).
[34] *See Khanom v. Kerry,* 2014 WL 3531144 *5 (E.D.N.Y. July 15, 2014) (where "there is no federal right upon which to predicate the Court's federal question jurisdiction, the Court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1331.").
[35] *Doe No. 1*, 930 F. Supp. 2d at 367 (quoting *Dow Jones & Co.*, 346 F.3d at 359).

## CONCLUSION

Feingersh respectfully requests the Court dismiss McGraw's Complaint against him pursuant to Rule 12(b)(6) because McGraw has failed allege he has any interest in the copyrights-in-suit about which it asks for a declaration of non-infringement, and under 12(b)(1) because the Court does not have subject matter jurisdiction to issue the requested declarations.

Dated: July 29, 2014

Defendant Jon Feingersh, by his attorneys,

/s Christopher Seidman
Christopher Seidman (licensed in New York)
Harmon & Seidman LLC
101 S. Third Street, Suite 265
Grand Junction, CO 81501
(970) 245-9075
Email: chris@harmonseidman.com

Maurice Harmon (of counsel)
Harmon & Seidman LLC
11 Chestnut Street
New Hope, PA 18938
(917) 561-443
Email: maurice@harmonseidman.com

Autumn Witt Boyd (of counsel)
Harmon & Seidman LLC
P.O. Box 4932
Chattanooga, TN 37405
(423) 756-6013
Email: autumn@harmonseidman.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2014, I caused the foregoing pleading to be filed via the CM/ECF system, which will serve a Notice of Electronic Filing to all counsel of record.

s/ Autumn Witt Boyd
Autumn Witt Boyd