Christopher Seidman (licensed in New York)
Harmon & Seidman LLC
101 S. Third Street, Suite 265
Grand Junction, CO 81501
(970) 245-9075
Email: chris@harmonseidman.com

Maurice Harmon (of counsel)
Harmon & Seidman LLC
11 Chestnut Street
New Hope, PA 18938
(917) 561-443
Email: maurice@harmonseidman.com

Amanda L. Bruss (of counsel)
Harmon & Seidman LLC
12354 East Bates Circle
Aurora, CO 80014
(415) 271-5754
Email: amanda@harmonseidman.com

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

| | | |
|---|---|---|
| McGRAW-HILL SCHOOL EDUCATION HOLDINGS, LLC and McGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC,<br> Plaintiffs, | : <br> : <br> : <br> : | 14-cv-5050-GBD <br><br> **JON FEINGERSH PHOTOGRAPHY, INC.'S ("JFPI'S") MOTION FOR ORDERS:** |
| v. | : <br> : | **(1) DISMISSING PLAINTIFFS' DECLARATORY RELIEF CLAIMS;** |
| JON FEINGERSH PHOTOGRAPHY, INC.,<br> Defendant; | : <br> : <br> : | **(2) MODIFYING THE SCHEDULING ORDER REGARDING AMENDMENTS; AND** |
| JON FEINGERSH PHOTOGRAPHY, INC.,<br> Counter-Claimant,<br> v. | : <br> : <br> : <br> : | **(3) GRANTING JFPI LEAVE TO AMEND ITS COUNTER-CLAIMS TO WITHDRAW CERTAIN CLAIMS WITHOUT PREJUDICE** |
| McGRAW-HILL SCHOOL EDUCATION HOLDINGS, LLC and McGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC,<br> Counter-Defendants. | : <br> : <br> : <br> : | **[Fed. R. Civ. Proc. 12(b)(1), 12(c), 15(a)(2), 16(b)(4)]** |

-----------------------------------------------------------------X

# TABLE OF CONTENTS

PRELIMINARY STATEMENT……………………………………………………………………1

FACTS…………………………………………………………………………………………3

ARGUMENT…………………………………………………………………………………...5

A.    Legal standards. ....................................................................................................... 5

    1.    Motion to dismiss for lack of subject matter jurisdiction – Fed. R. Civ. Proc. 12(b)(1). 5

    2.    Motion to dismiss – Fed. R. Civ. Proc. 12(c)................................................................... 6

    3.    Motions for modification of scheduling order, and for leave to amend – Fed. R. Civ. Proc. 15(a)(2) and 16(b)(4). ...................................................................................................... 7

B.    McGraw-Hill cannot carry its burden of showing that this Court has subject matter jurisdiction of claims for which no license terms or usage information is available, and even if subject matter jurisdiction exists this Court should exercise its wide discretion to dismiss those claims........................................................................................................ 7

    1.    This Court has no subject matter jurisdiction of claims for which no license terms or usage information is available........................................................................................ 8

    2.    Alternatively, even if the Court has subject matter jurisdiction, it should exercise its discretion to dismiss McGraw-Hill's declaratory relief claims for which no licensing and usage information is available.................................................................................. 10

C.    The Court should also dismiss McGraw-Hill's other declaratory relief claims, for lack of subject matter jurisdiction; in the exercise of the Court's discretion; or, in the alternative, for failure to state a claim under Rule 12(c). ................................................................ 13

    1.    Declaratory relief is not available for past acts............................................................ 13

    2.    Declaratory relief is not available for withdrawn claims. ............................................ 14

    3.    Declaratory relief is not available for adjudication of affirmative defenses................. 14

    4.    McGraw-Hill has not adequately pleaded any purported registration issues................ 14

D.    The Court should grant JFPI's motion for modification of the scheduling order deadline for amending the pleadings, and grant JFPI leave to amend its Counterclaims to withdraw, without prejudice, counterclaims for which there is no licensing or usage information...................................................................................................................... 15

    1.    There is good cause for the Court to modify the scheduling order deadline for amendment of JFPI's Counterclaims. .......................................................................... 15

    2.    The Court should permit JFPI to withdraw, without prejudice, some of its counterclaims for which there is presently no licensing or usage information............. 17

    3.    JFPI's Counterclaims are not properly viewed as "compulsory" under the circumstances, therefore, JFPI's withdrawal of some, but not all, of its counterclaims should be without prejudice. ......................................................................................... 18

CONCLUSION………………………………………………………………………………..22

## PRELIMINARY STATEMENT

On July 7, 2014, McGraw-Hill began this case pursuant to the Declaratory Judgment Act (28 U.S.C. § 2201), seeking a declaration of non-infringement for its unspecified uses of copyrighted photographs, and asking for its "costs and disbursements incurred in this action, including its reasonable attorney's fees."[1]   McGraw-Hill's First Amended Complaint is in essence a request that the Court issue a declaration of non-infringement based on the defenses that would have been available to McGraw-Hill if Defendant and Counterclaimant Jon Feingersh Photography, Inc. ("JFPI") had initiated copyright infringement litigation.   McGraw-Hill's prayer for relief seeks an order declaring that it is not liable for copyright infringement with respect to the following five categories of conduct:

1. Where its infringement occurred more than three years before filing;

2. For uses of JFPI images lacking valid copyright registrations;

3. For uses of JFPI images that was authorized by a license;

4. For instances where McGraw-Hill did not itself publish the images;[2] and

5. For instances where McGraw-Hill's use was in a later edition or revised version of an earlier McGraw-Hill publication.[3]

However, as shown by the First Amended Complaint itself, and the evidence McGraw-Hill produced in discovery, McGraw-Hill's declaratory relief claims are concerned with *past* infringements, and McGraw-Hill's affirmative defenses, which are not proper subjects for declaratory relief.   Moreover, declaratory relief is appropriate only when a dispute has taken on a "fixed and final shape," so the Court can make very specific determinations that lay the matter to rest.   But McGraw-Hill has asserted during the course of discovery that neither it nor Corbis Corporation can find all of the invoices and licenses that Corbis issued to McGraw-Hill for the

---

[1] Complaint (Doc. 2), Prayer for Relief.
[2] These claims were withdrawn from JFPI's Counterclaim with prejudice pursuant to Doc. 44.
[3] First Amended Complaint (Doc. 28), pp. 10-11.

use of JFPI images in McGraw-Hill's publications. To the extent McGraw-Hill used JFPI images without any license, McGraw-Hill is obviously an infringer. Hence, McGraw-Hill's claimed inability to find the pertinent licenses is inexplicable, to say the least.

Without specific information about the Corbis-issued licenses McGraw-Hill claims it holds, it is impossible for the Court to determine whether McGraw-Hill's uses were permitted. McGraw-Hill has also not produced any information regarding its actual use of JFPI photographs in connection with the missing invoices. McGraw-Hill seeks a declaration of non-infringement for use of JFPI's photographs, without identifying either the uses it made, or the permissions it had. As explained below, this means that McGraw-Hill cannot demonstrate that this Court has subject matter jurisdiction, because McGraw-Hill cannot show the existence of an Article III case or controversy that has taken sufficiently fixed and final shape to permit a meaningful declaratory judgment.

JFPI therefore seeks dismissal of McGraw-Hill's First Amended Complaint, in whole or in part, on the grounds that the First Amended Complaint does not – and cannot – present an actual, concrete case or controversy eligible for specific declaratory relief.

JFPI also respectfully seeks an order that modifies the September 17, 2014 Scheduling Order (Doc. 19) – which set a November 17, 2014 deadline for motions to amend – so JFPI may now amend its Counterclaims to withdraw claims for which McGraw-Hill, and Corbis Corporation, claim that they cannot find the pertinent licensing information in their files. McGraw-Hill contends that – without the Corbis invoices – it cannot identify all of the publications in which it used JFPI's images, and cannot provide data about the extent of its uses – *e.g.,* print runs, geographic distribution, and media (print or electronic). And without the invoices, neither McGraw-Hill nor JFPI can determine what limits were imposed on McGraw-

Hill's uses of JFPI's images in McGraw-Hill's publications.

Thus, for these unknown uses, neither McGraw-Hill nor JFPI can proceed – McGraw-Hill has no ability to prove its declaratory relief claims, and JFPI has no ability (because of McGraw-Hill's failure to produce evidence from its own files) to pursue its corresponding infringement counterclaims. The obvious solution is for McGraw-Hill and JFPI to stipulate to dismissal without prejudice of the claims that neither McGraw-Hill nor JFPI can pursue at this juncture. JFPI's counsel proposed this solution, but McGraw-Hill refused, making this motion necessary.[4] McGraw-Hill refused because its objective is to use the pendency of its own legally insufficient declaratory relief claims – over which this Court lacks subject matter jurisdiction – as a pretext for asserting that JFPI's corresponding counterclaims are *compulsory* and therefore can only be dismissed with *prejudice*. In other words, McGraw-Hill believes that it is entitled to obtain the equivalent of a final determination of claims that McGraw-Hill can neither prove, nor show are within this Court's subject matter jurisdiction.

As discussed below, this is an abuse of both the declaratory relief and compulsory counterclaim procedures. The Court should therefore grant JFPI's motion.

## FACTS

Jon Feingersh Photography, Inc. ("JFPI") is a Maryland stock photography agency that licenses Jon Feingersh's photographs.[5] McGraw-Hill is a global textbook publisher based in New York City.[6] From 1995 to 2013, McGraw-Hill requested, and JFPI or its agents – including Corbis Images "Corbis") and its predecessor The Stock Market ("TSM") – sold, limited licenses authorizing McGraw-Hill to reproduce specific JFPI photographs in its educational publications. JFPI or its agents expressly limited the number of copies, distribution area, language, duration,

---

[4] *See* Declaration of Amanda Bruss ("Bruss Decl.") ¶¶ 3-4 and Exhibit A thereto.
[5] First Amended Complaint (Doc. 28) ¶ 6; JFPI's Answer and Counterclaims, (Doc. 7), ¶ 57.
[6] First Amended Complaint ¶¶ 5, 11.

and/or media (print or electronic) for each publication, and were paid accordingly. Unknown to JFPI, McGraw-Hill used some of the photographs beyond the license limits and in some instances without any license at all. Prior to suit, JFPI had no knowledge of the terms of the licenses granted by its agents to McGraw-Hill; the royalty statements it received from its agencies identified only the photograph at issue and the entity associated with each transaction.[7]

As shown by Exhibit 1 to McGraw-Hill's First Amended Complaint, on July 3, 2014, JFPI's counsel sent a letter to McGraw-Hill's counsel, asking for information about whether McGraw-Hill had infringed JFPI's copyrights in specific photographs, or breached the terms of licenses issued by Corbis Corporation ("Corbis"), "to avoid unwarranted claims from being asserted."[8] JFPI attached to the July 3, 2014 letter a spreadsheet that contained all the information JFPI had – images, invoice numbers and dates, and registration information.[9]

McGraw-Hill refused to provide the requested information, and instead filed this declaratory judgment action. Despite the fact that McGraw-Hill had – or should have had – both the licensing documents at issue and the evidence of its actual use in connection with those licenses, McGraw-Hill did not include any of this information in its Complaint or First Amended Complaint. Instead, it simply attached JFPI's letter and spreadsheet. JFPI, in turn, was compelled to include all such allegations in its counterclaim, or risk losing the ability to seek relief for what could be classified as compulsory counterclaims. During the course of discovery in this case, JFPI sought production of usage information from McGraw-Hill, and licensing information from both Corbis and McGraw-Hill.[10] Both Corbis and McGraw-Hill claimed to be

---

[7] *See* Bruss Decl., Exhibit B (excerpts from Deposition of Jon Feingersh ("Feingersh Dep.")), 47:18-24; 76:08-77:16; 92:17-93:09.
[8] *See* First Amended Complaint (Doc. 28), Exhibit 1.
[9] *Id.*
[10] Bruss Decl., ¶ 7 and Exhibits C and D thereto.

4

unable to locate 77 of the invoices identified in JFPI's July 2014 letter.[11]  Without the invoices,

there is no way to determine the parameters of the licenses McGraw-Hill obtained, or even the

publications in which JFPI's photographs were used.  McGraw-Hill has also not disclosed its

actual use of JFPI images in any publication not identified in a produced invoice.[12]

## ARGUMENT

### A.  Legal standards.

#### 1.  Motion to dismiss for lack of subject matter jurisdiction – Fed. R. Civ. Proc. 12(b)(1).

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1)

when the district court lacks the statutory or constitutional power to adjudicate it."[13]  "In

resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a

district court . . . may refer to evidence outside the pleadings."[14]  "A plaintiff asserting subject

matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."[15]

The Declaratory Judgment Act ("DJA") provides: "In a case of actual controversy within

its jurisdiction . . . any court of the United States … may declare the rights and other legal

relations of any interested party seeking such declaration, whether or not further relief is or could

be sought."[16]  "The jurisdiction of courts to issue judgments is limited by the justiciability of

'cases' or 'controversies' under Article III of the Constitution.  Thus a district court has no

jurisdiction over a declaratory judgment action if the suit does not meet Article III's case or

controversy requirement."[17]

---

[11] *Id.*
[12] Bruss Decl., ¶ 9.
[13] *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000), citing Fed.R.Civ.P. 12(b)(1).
[14] *Id.,* citing *Kamen v. American Tel. & Tel. Co.,* 791 F.2d 1006, 1011 (2d Cir.1986).
[15] *Id.,* citing *Malik v. Meissner,* 82 F.3d 560, 562 (2d Cir.1996).
[16] 28 U.S.C. § 2201(a).
[17] *Organic Seed Growers and Trade Ass'n v. Monsanto Co.*, 851 F.Supp.2d 544, 550 (S.D.N.Y. 2012), *aff'd,* 718 F.3d 1350 (2d Cir. 2013), *cert. denied,* 134 S.Ct. 901 (2014) (citation omitted) (dismissing for lack of subject matter

A 'controversy' in this sense must be one that is appropriate for judicial determination. A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot. The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.[18]

Further, "[t]he disagreement must not be nebulous or contingent but must have taken on fixed and final shape so that a court can see what legal issues it is deciding, what effect its decision will have on the adversaries, and some useful purpose to be achieved in deciding them."[19] "Where the relief sought would not resolve the entire case or controversy as to any [party] …, but would merely determine a collateral legal issue governing certain aspects of … pending or future suits, a declaratory judgment action falls outside the constitutional definition of a 'case' in Article III."[20]

In a copyright case, as in other cases, "[t]he burden is on the plaintiff to support its allegation that the court has jurisdiction under the [DJA]."[21] "The controversy must be real, substantial, and capable of specific relief through a decree of conclusive character."[22]

JFPI's present motion is timely. "Issues relating to subject matter jurisdiction may be raised at any time, even on appeal, and even by the court *sua sponte*."[23]

### 2. Motion to dismiss – Fed. R. Civ. Proc. 12(c).

jurisdiction where there was "no evidence that plaintiffs are infringing defendants' patents, nor have plaintiffs suggested when, if ever, such infringement will occur").

[18] *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth,* 300 U.S. 227, 240-41 (1937) (internal citations omitted).

[19] *Jenkins v. U.S.*, 386 F.3d 415, 417-18 (2d Cir. 2004), *quoting Public Serv. Comm'n v. Wycoff Co.*, 344 U.S. 237, 244 (1952).

[20] *Jenkins*, 386 F.3d at 418 (citations and internal quotation marks omitted).

[21] *Re-Alco Industries, Inc. v. National Center for Health Educ., Inc.*, 812 F.Supp. 387, 395 (S.D.N.Y. 1993).

[22] *Veoh Networks, Inc. v. UMG Recordings, Inc.*, 522 F.Supp.2d 1265, 1269 (S.D. Cal. 2007), *citing Aetna*, 300 U.S. at 240-41.

[23] *Cave v. East Meadow Union Free Sch. Dist.,* 514 F.3d 240, 250 (2d Cir. 2008); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject matter jurisdiction … may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."); Fed. R. Civ. Proc. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."[24] "In deciding a Rule 12(c) motion, [courts] apply the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party."[25]

### 3. Motions for modification of scheduling order, and for leave to amend – Fed. R. Civ. Proc. 15(a)(2) and 16(b)(4).

A motion to amend is generally governed by Rule 15(a) of the Federal Rules of Civil Procedure, which states that "[t]he court should freely give leave to amend when justice so requires."[26] Whether to allow amendment is committed to the Court's sound discretion.[27]

However, if a motion to amend is filed after the deadline imposed by the district court in a Rule 16 scheduling order, the scheduling order must first be modified to permit the amendment. "A schedule may be modified only for good cause and with the judge's consent."[28]

"After the moving party demonstrates [good cause] under Rule 16, the Rule 15 standard applies to determine whether the amendment is proper."[29] "Under Rule 15, motions to amend should be denied only for reasons such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'"[30]

### B. McGraw-Hill cannot carry its burden of showing that this Court has subject matter jurisdiction of claims for which no license terms or usage information

---

[24] Fed. R. Civ. Proc. 12(c).

[25] *Alcantara v. Bakery and Confectionary Union and Industry Intern. Pension Fund Pension Plan*, 751 F.3d 71, 75 (2d Cir. 2014) (citation omitted).

[26] Fed. R. Civ. Proc. 15(a)(2).

[27] *Christians of California, Inc. v. Clive Christian New York, LLP*, 2014 WL 3605526 at * 4 (S.D.N.Y. 2014).

[28] Fed. R. Civ. Proc. 16(b)(4).

[29] *Christians of California*, 2014 WL 3605526 at * 4 (citations omitted).

[30] *Id.*, quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962).

**is available, and even if subject matter jurisdiction exists this Court should exercise its wide discretion to dismiss those claims.**

      **1.    This Court has no subject matter jurisdiction of claims for which no license terms or usage information is available.**

"The existence of an actual controversy must be evaluated on a claim-by-claim basis."[31] Here, as discussed above, McGraw-Hill and Corbis have both represented, during discovery in this case, that 77 invoices cannot be located. McGraw-Hill claims that it cannot identify (1) the terms of specific Corbis licenses for the rows in question, including any limits on McGraw-Hill's permissible uses; (2) the publication in which the images at issue were used; or (3) the extent of McGraw-Hill's actual uses.[32]

"In a copyright case, 'plaintiff must show that it has actually published or is preparing to publish the material that is subject to the defendant's copyright [in a manner that] places the parties in a legally adverse position.'"[33] Where, as here, this kind of detailed allegation is missing, courts have found that a declaratory judgment plaintiff has failed to demonstrate the existence of an actual case or controversy, and that the court therefore has no subject matter jurisdiction of the declaratory relief claims.

In *Veoh Networks, Inc. v. UMG Recordings, Inc.*,[34] for example, the plaintiff filed a declaratory judgment action, "seeking a declaration of non-infringement of Defendant's copyrights, primarily under Section 512(c) of the Digital Millennium Copyright Act ('DMCA'). 17 U.S.C. § 512(c)."[35] The Plaintiff operated a video hosting service that allows third parties to

---

[31] *Velvet Underground v. Andy Warhol Foundation for the Visual Arts, Inc.*, 890 F.Supp.2d 398, 407 (S.D.N.Y. 2012) (citation and internal quotation marks omitted).
[32] Bruss Decl. ¶ 7.
[33] *Diagnostic Unit Inmate Council v. Films, Inc.*, 88 F.3d 651, 653 (8th Cir. 1996), *quoting Texas v. West Pub. Co.*, 882 F.2d 171, 175 (5th Cir. 1989); *see also Wembley, Inc. v. Superba Cravats, Inc.*, 315 F.2d 87, 90 (2d Cir. 1963) ("where there is no actual manufacture, use or sale, and no immediate intention and ability to practice the invention, there is no justiciable [patent] controversy").
[34] 522 F.Supp.2d 1265 (S.D. Cal. 2007).
[35] *Id.* at 1267.

post, share, and view video on the internet. The Defendant record and music publishing company accused Plaintiff's service of massively infringing Defendant's copyrights, but did not "provide Plaintiff with information on which specific copyrights were being infringed."[36] The Defendant filed a Rule 12(b)(1) motion to dismiss the DJA claims for lack of subject matter jurisdiction.[37]

*Veoh* began by noting that "[a]lthough the defendant is the moving party in a motion to dismiss, the plaintiff is the party that invoked the court's jurisdiction," and thus "the plaintiff bears the burden of proof on the necessary jurisdictional facts."[38] *Veoh* found that the Plaintiff's claims in that case were too vague to satisfy the Article III case or controversy requirement:

> "Although Plaintiff's Complaint suggests disagreement between the parties, the nature and extent of the controversy has not adequately defined to support federal jurisdiction. Plaintiff's Complaint generally discusses their video hosting operation, that Defendant owns unspecified copyrights, and that Defendant has made unspecified threats of copyright infringement litigation. From these general allegations, Plaintiffs seeks a far-reaching declaratory judgment that it is not liable for infringing *any* of Defendant's rights and is entitled to the Section 512(c) safe harbor.
>
> However, because Plaintiff does not reference any specific copyright, even by way of example, the relief requested would necessarily take the form of an advisory opinion. Succinctly, the Court cannot determine whether a safe harbor for copyright infringement exists without knowing which rights are at stake. Rather than 'specific relief through a decree of conclusive character,' Plaintiff seeks a validation of the ongoing legality of their business model."[39]

McGraw-Hill's declaratory relief claims are similarly lacking "adequate definition" to support federal jurisdiction, and cannot stand on their own merits.[40] For 84 rows in Exhibit 1 to the Complaint, McGraw-Hill claims that neither it nor Corbis is able to produce the Corbis

---

[36] *Id.* at 1268.
[37] *Id.*
[38] *Id.* at 1269.
[39] *Id.* at 1269-70.
[40] *Hepburn v. Concord Music Group, LLC*, 2015 WL 2084576 * 8 (C.D. Cal. 2015) ("a complaint pleaded under the [DJA] 'must be complete in itself and stand or fall on its own merits; it cannot be used as a vehicle for searching out and discovering whether a right of action exists'" (citation omitted)).

invoice that reflect the limits on the licenses that were granted to McGraw-Hill.  McGraw-Hill thus claims that it is unable to identify the publications in which the images in question were used, or what McGraw-Hill's actual uses were.

Under these circumstances it would be impossible for the Court to do more than issue an advisory opinion, or speculate, about claims that JFPI might have – and be able to prove – if only McGraw-Hill and Corbis had maintained the licensing records that *ought* to be in their files, and which they both now claim have – conveniently for McGraw-Hill – gone missing.  Hence, the declaratory judgment that McGraw-Hill seeks would not resolve any "fixed and final" dispute,[41] and McGraw-Hill cannot carry its burden of demonstrating that its claims are within the Court's subject matter jurisdiction.

> **2.  Alternatively, even if the Court has subject matter jurisdiction, it should exercise its discretion to dismiss McGraw-Hill's declaratory relief claims for which no licensing and usage information is available.**

"[T]he declaratory judgment statute 'is an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant'.  The propriety of issuing a declaratory judgment may depend upon equitable considerations, and is also 'informed by the teachings and experience concerning the functions and extent of federal judicial power.'"[42]  "Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close."[43]  "The Declaratory Judgment Act provides that a court '*may* declare the rights and other legal relations of any interested party,' not that it *must* do so.  This text has long been understood 'to confer on federal courts unique and substantial discretion in

---

[41] *See Jenkins*, 386 F.3d at 417-18 ("[t]he disagreement must not be nebulous or contingent but must have taken on fixed and final shape").
[42] *Green v. Mansour*, 474 U.S. 64, 72 (1985) (internal citations omitted).
[43] *Wilton v. Seven Falls Co.,* 515 U.S. 277, 288 (1995).

deciding whether to declare the rights of litigants.'"[44]

"The Second Circuit has articulated two criteria to assist district courts in exercising the broad discretion conferred by the DJA: '(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue; and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding."[45] "The Court's discretion, however, is not "constricted or guided solely by these [ ] criteria."[46]

> "Where the law provides district courts with discretionary powers, the district courts should exercise that statutory authority with the same care and concern as they apply the principles of equity. The Court, thus, must look at more than just the mechanical application of the declaratory judgment standard. The Court must look at the litigation situation as a whole in determining whether it is appropriate for the Court to exercise its jurisdiction over the declaratory judgment action before it."[47]

In *John Wiley & Sons, Inc. v. Visuals Unlimited, Inc.,*[48] Judge McMahon declined to exercise jurisdiction over a declaratory relief action substantially similar to McGraw-Hill's, citing the following reasons:

- "Wiley's requested remedy would not fully settle this litigation."[49]

- "Wiley's complaint does not allege which photographs are subject to which of the three types of declaratory relief that it seeks and thus does not clarify the legal relations at issue."[50]

- "The fact that the complaint (1) is so sparse as to require dismissal with leave to amend (discussed above) and appears to the Court to have been quickly assembled, (2) seeks to bring the exact mirror image of the claims that VUI

---

[44] *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 136 (2007) (emphasis in original, internal citations omitted).
[45] *National Union Fire Ins. Co. of Pittsburgh, PA v. International Wire Group, Inc.,* 2003 WL 21277114, at *4 (S.D.N.Y. June 2, 2003), quoting *Continental Cas. Co. v. Coastal Sav. Bank,* 977 F.2d 734, 737 (2d Cir.1992) (quoting *Broadview Chem. Corp. v. Loctite Corp.,* 417 F.2d 998, 1001 (2d Cir.1969)).
[46] *National Union v. International Wire Group,* 2003 WL 21277114 at * 4, *quoting Dow Jones & Co., Inc. v. Harrods, Ltd.,* 237 F.Supp.2d 394, 433 (S.D.N.Y.2002).
[47] *Great Am. Ins. Co. v. Houston Gen. Ins. Co.,* 735 F. Supp. 581, 585 (S.D.N.Y. 1990), *aff'd,* 346 F.3d 357 (2d Cir. 2003).
[48] 2011 WL 5245192 (S.D.N.Y. Nov. 2, 2011).
[49] *Id.* at *6.
[50] *Id.* at * 6-7 ("Wiley's barren complaint does not serve a useful purpose in clarifying the legal relations between the parties").

threatened, i.e., fraud and copyright infringement, and (3) even then only requests declaratory judgment on Wiley's defenses, militates in favor of the conclusion that Wiley is engaged in 'procedural fencing,' or forum shopping."[51]

Judge McMahon also found that Wiley's declaratory relief action essentially raised defenses to a copyright infringement action, and this too weighed against exercising jurisdiction: "The anticipation of defenses is not ordinarily a proper use of the declaratory judgment procedure, as [i]t deprives the plaintiff of his traditional choice of forum and timing, and it provokes a disorderly race to the courthouse. As such, numerous courts have refused to grant declaratory relief to a party who has come to court only to assert an anticipatory defense."[52]

The same is true here. As McGraw-Hill's request for relief shows, McGraw-Hill is principally relying upon affirmative defenses – statute of limitations, license, and "revision privilege" of 17 U.S.C. § 201(c).

McGraw-Hill's claims also do not further the purpose of the DJA because McGraw-Hill is seeking a declaration as to completed acts of past infringement. As Judge Mukasey explained, in *Gianni Sport Ltd. v. Metallica*:

> "The Declaratory Judgment Act's fundamental purpose is to allow a plaintiff not certain of his rights to avoid accrual of avoidable damages, and to afford him an early adjudication without waiting until his adversary should see fit to begin suit, after damage has accrued. Gianni, the plaintiff here, brought suit after committing the alleged infringement…. Any damages that are due have already accrued. Therefore, Gianni will not avoid the accrual of avoidable damages by means of this action."[53]

*Gianni* also declined to exercise jurisdiction because of the plaintiff's improper effort to use the DJA for procedural advantage. Judge Mukasey explained:

> "Potential plaintiffs should be encouraged to attempt settlement discussions ...

---

[51] *Id.* at * 8.
[52] *Id.* at * 7
[53] 2000 WL 1773511 at * 4 (S.D.N.Y. 2000) (internal quotation marks and citations omitted); *see also Wiley v. Visuals Unlimited*, 2011 WL 5245192 * 4 ("[D]eclaratory relief is intended to operate prospectively. There is no basis for declaratory relief where only past acts are involved" (citations omitted)).

prior to filing lawsuits without fear that the defendant will be permitted to take advantage of the opportunity to institute litigation in a district of its own choosing. Gianni filed this action on February 8, 2000, the day Metallica's first settlement offer expired. To allow Gianni's declaratory judgment action to go forward would penalize Metallica for its attempts at settlement, particularly in light of Gianni's hasty filing on the expiration date of the first settlement offer…. Gianni filed this suit in anticipation of Metallica's California suit. Gianni's use of the Declaratory Judgment Act to gain a procedural advantage and preempt the forum choice of the plaintiff to the coercive action, weighs in favor of dismissal.[54]

Here, as in *Gianni*, McGraw-Hill filed suit as a direct result of JFPI's efforts to resolve claims without judicial action. Rather than negotiate, McGraw-Hill raced to the courthouse to secure its preferred venue. Thus, even if the Court finds that has the ability to hear McGraw-Hill's declaratory relief action, it should exercise its discretion and decline to do so.

> **C.    The Court should also dismiss McGraw-Hill's other declaratory relief claims, for lack of subject matter jurisdiction; in the exercise of the Court's discretion; or, in the alternative, for failure to state a claim under Rule 12(c).**

> **1.    Declaratory relief is not available for past acts.**

Nothing in McGraw-Hill's Complaint suggests that it is seeking a declaration that will enable the parties to know whether any of McGraw-Hill's specific *future* actions – with respect to any JFPI image or McGraw-Hill publication – might constitute copyright infringement. To the contrary, McGraw-Hill's entire Complaint is directed to *past* acts of copyright infringement that are already completed. For example, McGraw-Hill seeks a finding of non-infringement for all uses it made of JFPI images before July 7, 2011, on statute of limitations grounds.[55]

As discussed above, such requests are not authorized by the DJA.[56]    "[B]ecause 'declaratory relief is intended to operate prospectively,' courts have found 'no basis for

---

[54] *Id.* at * 4-5 (internal quotations and citations omitted); *see also Veoh*, 522 F.Supp.2d at 1271 ("A court can also decline jurisdiction if it appears that the declaratory relief suit was filed for an improper tactical purpose.").

[55] First Amended Complaint (Doc. 28), ¶ 34(i).

[56] In fact, all of the alleged infringements relate to licenses issued between 1995 and 2013. Thus most – if not all – of the infringing conduct has already occurred. *See* Answer and Counterclaim, Exhibit A (Doc. 7-1).

declaratory relief where only past acts are involved.'"[57]  "The fundamental purpose of the DJA is

to "avoid accrual of avoidable damages to one not certain of his rights and to afford him an early

adjudication without waiting until his adversary should see fit to begin suit, after damage has

accrued.'"[58]  Here, McGraw-Hill's request for declaratory relief comes too late.  It has already

committed the infringing acts at issue, and the damage has already been done.

### 2.    Declaratory relief is not available for withdrawn claims.

JFPI has withdrawn its claims for infringement with prejudice as to specifically identified

rows in Exhibit A to its Counterclaim.[59]  As a result, there is no longer any ongoing controversy,

and no federal jurisdiction, as to these claims.[60]

### 3.    Declaratory relief is not available for adjudication of affirmative defenses.

McGraw-Hill also has not pled viable declaratory relief claims because, as discussed

above, anticipation of defenses – like McGraw-Hill's statute of limitations, license, and Section

201(c) defenses – is not a proper use of the declaratory judgment procedure.[61]

### 4.    McGraw-Hill has not adequately pleaded any purported registration issues.

McGraw-Hill seeks a declaration that it has no infringement liability for JFPI copyrights

---

[57] *National Union Fire Ins. Co. of Pittsburgh, PA v. International Wire Group, Inc.,* 2003 WL 21277114 at * 5 ("declaratory relief is intended to operate prospectively. There is no basis for declaratory relief where only past acts are involved."); *Dow Jones,* 237 F. Supp. 2d at 426  ("where the purported use of the DJA seeks a declaration of non-liability to preemptively defeat actions grounded on tort claims involving rights already accrued by reason of alleged wrongful conduct, various courts have held that that application is not a warranted purpose of the DJA."); *KM Enterprises, Inc. v. McDonald,* 2012 WL 4472010, at *19 (E.D.N.Y. Sept. 25, 2012) *aff'd,* 518 F. App'x 12 (2d Cir. 2013) ("The main barrier in a declaratory judgment action is that it cannot be used 'solely to adjudicate [a defendant's] past conduct.'" (citations omitted)).

[58] *National Union Fire Ins. v. International Wire Group*, 2003 WL 21277114 at * 4, quoting *Luckenbach Steamship Co. v. United States,* 312 F.2d 545, 548 (2d Cir.1963).

[59] *See* Docs. 22, 32, and 44.

[60] *See Prudent Pub. Co. v. Myron Mfg. Corp.,* 722 F. Supp. 17, 22 (S.D.N.Y. 1989) (dismissing counterclaim for declaratory relief for withdrawn claims, noting, "it is not enough that there may once have been a controversy at the time the suit was commenced if subsequent events have put an end to the controversy.").  *See generally Gramuglia v. Levi,* No. 75-CV-549, 1976 WL 21071, at *3 (N.D.N.Y. July 13, 1976) ("Without an actual controversy involving the parties before the Court, the Court must dismiss the action for want of subject matter jurisdiction.").

[61] *Wiley v. Visuals Unlimited*, 2011 WL 5245192 at * 7.

that have not been properly registered. But McGraw-Hill has not identified the JFPI's photographs it contends have not been properly registered. As discussed above, in *John Wiley & Sons, Inc. v. Visuals Unlimited*, Judge McMahon dismissed a nearly identical complaint filed by McGraw-Hill's counsel on behalf of a different textbook publisher, on the grounds that the complaint was "not sufficiently alleged."[62] Notably, Judge McMahon relied on this Court's finding, in *John Wiley & Sons, Inc. v. DRK Photo*,[63] that Wiley's claim for declaratory relief was not adequately alleged, including with respect to allegedly unregistered copyrights.[64]

Moreover, an error in registration – or even a lack of registration – does not give third parties a free pass to make whatever use they want of an author's work. McGraw-Hill's unauthorized use would be still be infringing, and JFPI could file a claim upon registration.[65]

**D.    The Court should grant JFPI's motion for modification of the scheduling order deadline for amending the pleadings, and grant JFPI leave to amend its Counterclaims to withdraw, without prejudice, counterclaims for which there is no licensing or usage information.**

       **1.    There is good cause for the Court to modify the scheduling order deadline for amendment of JFPI's Counterclaims.**

There is good cause for modification of a scheduling order when a party "demonstrate[s] that, despite having exercised diligence in its efforts to adhere to the court's scheduling order, the applicable deadline [to amend] could not reasonably have been met."[66] "The court may also consider prejudice to the nonmoving party, the length of delay in filing the amendment, and the

---

[62] 2011 WL 5245192 at * 6.
[63] No. 11-cv-5454-GBD (S.D.N.Y. Oct. 14, 2011) (Docket No. 16).
[64] 2011 WL 5245192 at * 6.
[65] Although an infringement action cannot be brought unless the work is registered, 17 U.S.C. § 411(a), registration is not a condition of copyright protection. 17 U.S.C. § 408(a). Hence, copying an unregistered work still may be infringement.
[66] *Christians of California*, 2014 WL 3605526 at * 4 (quotation marks and citations omitted).

explanation provided by the moving party."[67]  These factors favor modification of the scheduling order here.

First, JFPI could not have with greater diligence sought leave to amend to withdraw the claims in question before November 17, 2014.  As explained above, JFPI was dependent upon McGraw-Hill and Corbis to provide the pertinent Corbis invoices and licenses, and JFPI sought discovery from McGraw-Hill regarding its actual uses of JFPI's images.  JFPI did not know before November 17, 2014 that neither McGraw-Hill nor Corbis would produce the pertinent licensing documents, or that McGraw-Hill would claim inability to identify infringing publications and usage data.  Discovery was only recently completed in this case.[68]

Second, it was only in the last few weeks that JFPI learned that McGraw-Hill is unwilling to stipulate to a voluntary dismissal without prejudice of both McGraw-Hill's legally insufficient declaratory relief claims and JFPI's corresponding infringement claims.  JFPI's present motion for modification of the scheduling order, and for leave to amend and withdraw specified claims, has been made necessary by McGraw-Hill's recent, and improper, litigation strategy.

Third, modifying the scheduling order to permit JFPI to amend at this time will not cause McGraw-Hill any cognizable prejudice.  McGraw-Hill is not entitled to succeed with its abuse of the declaratory relief and compulsory counterclaim procedures, and cannot claim genuine prejudice if that scheme is thwarted.  Nor can McGraw-Hill show prejudice from a modification of the scheduling order permitting the *withdrawal* of claims, and *narrowing* the issues for trial. This is not the typical request to add new claims, and/or new parties, requiring additional discovery or a delay of trial.

---

[67] *Id.*
[68] *See* Doc. 41, "All discovery shall be completed by 9/21/15."

Fourth, JFPI did not unreasonably delay filing the present motion once JPFI knew why it was necessary to seek relief from the Court, and it has explained herein the circumstances that have made this motion necessary.

### 2. The Court should permit JFPI to withdraw, without prejudice, some of its counterclaims for which there is presently no licensing or usage information.

JFPI asks for an Order of this Court that grants JFPI leave to file an amended Exhibit A to its Counterclaims that withdraws claims based upon the following rows in Exhibit A to its Counterclaims: 3-9, 12-19, 22-26, 29-35, 367-46, 49-52, 54-73, 75, 81-85, 87-89, 94, 96-97, 100, 102, 104, 108, 110, 112, 114, 117, 123-124, 215 and 480.

Under Rule 15, "a party may amend its pleading" with "the court's leave," and "[t]he court should freely give leave when justice so requires."[69] "Undue delay, undue prejudice to the opposing party, and futility of the amendment are among the reasons to deny leave to amend."[70] There is no such reason to deny JFPI leave to amend here.

JFPI did not unduly delay seeking leave to amend. Discovery in this case did not close until September 21, 2015. On June 22, 2015, JFPI submitted supplemental Rule 26(a)(1) disclosures to McGraw-Hill, identifying its damages allegations based on the usage data McGraw-Hill had provided in discovery to date. The disclosures did not include any damages for claims associated with missing invoices, as no license or usage data had been produced, making it impossible for JFPI to ascertain whether McGraw-Hill's use had exceeded license terms.[71] On August 12, 2015, McGraw-Hill's counsel initiated correspondence regarding the

---

[69] Fed. R. Civ. Proc. 15(a)(2).
[70] *Roberts v. Cooperatieve Centrale Raiffeisen-Boeren Leenbank B.A.*, 2010 WL 23170 at *1 (S.D.N.Y. 2010). As *Roberts* explains, "[g]enerally, a plaintiff seeking to withdraw certain claims, but not all claims, against a defendant, should do so pursuant to Rule 15 instead of pursuant to Rule 41, which allows for the plaintiff to dismiss 'an action.'" *Id.* The Second Circuit "has indicated that the choice of Rules is irrelevant because the same standard of review applies." *Id.*, *citing Wakefield v. N. Telecom, Inc.*, 769 F.2d 109, 114 & n. 4 (2d Cir. 1985).
[71] Bruss Decl., ¶ 2.

withdrawal of claims for which no invoices were produced.[72]  Through the course of this correspondence, it became clear that the parties disagreed as to whether such claims should be withdrawn with or without prejudice, and whether McGraw-Hill was entitled to pursue its declaratory relief claims for missing invoices.  This correspondence concluded on September 30, 2015, necessitating the filing of this motion.[73]

McGraw-Hill will not be prejudiced by the proposed amendment.  Prejudice, in the context of Rule 15(a), "means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change of tactics or theories on the part of the other party."[74]  Here, there is no prejudice. JFPI is offering nothing new in the way of subject matter or legal theories.  This will still be a copyright infringement case if the amendment is allowed.  JFPI proposes only to reduce the number of specific claims and simplify the factual issues for trial.

The proposed amendments are not futile.  Since JFPI seeks to remove claims, rather than add them, there is no concern about futility of new potential claims.  Removal of certain claims regarding specific invoices will have no effect on the rest of the case, except to simplify issues for trial.

> **3.**    **JFPI's Counterclaims are not properly viewed as "compulsory" under the circumstances, therefore, JFPI's withdrawal of some, but not all, of its counterclaims should be without prejudice.**

For reasons discussed above, the Court should dismiss, for lack of subject matter jurisdiction, McGraw-Hill's declaratory relief claims for which there is no licensing or usage information.  The Court should also allow JFPI to amend to withdraw, without prejudice, its corresponding counterclaims.

---

[72] Bruss Decl., ¶ 3.
[73] Bruss Decl., ¶ 4.
[74] *Taliaferro v. City of Kansas City, Kansas*, 128 F.R.D. 675, 678 (D.Kan.1989) (noting that the party opposing the amendment has the burden of showing prejudice).

This aspect of JFPI's motion would not have been necessary if McGraw-Hill had agreed to JFPI's request that the parties stipulate to dismiss without prejudice McGraw-Hill's declaratory relief claims, and JFPI's corresponding infringement counterclaims, for which there is no licensing or usage information.[75]  This motion has been made necessary because McGraw-Hill has refused to voluntarily withdraw its declaratory relief claims.  And McGraw-Hill has taken the position that JFPI's counterclaims "cannot be dismissed without prejudice" because "they are compulsory counterclaims."[76]  McGraw-Hill has also taken the position that JFPI must seek a dismissal under Rule 41(a)(2) of the Federal Rules of Civil Procedure, even though JFPI seeks leave to withdraw only some of its claims, and does not seek a dismissal of all of its Counterclaims.

In other words, McGraw-Hill is attempting to use its own legally insufficient declaratory relief claims as a pretext for forcing JFPI to withdraw corresponding counterclaims with prejudice, and in effect give McGraw-Hill a victory on the merits that McGraw-Hill could not otherwise obtain.  For reasons discussed below, this is an attempted abuse of both the declaratory relief and compulsory counterclaim procedures that this Court should not countenance.

It is the general rule that "[a] pleading must state as a counterclaim any claim that – at the time of its service – the pleader has against an opposing party if the claim … arises out of the transaction or occurrence that is the subject matter of the opposing party's claim."[77]  But, as the Fifth Circuit discussed explained in *Lawhorn v. Atlantic Refining Co.*,[78] a plaintiff like McGraw-Hill must actually have a claim before a counterclaim might be deemed "compulsory":

---

[75] *See* Bruss Decl., Ex. A (September 29, 2015 letter requesting mutual dismissal without prejudice).
[76] Bruss Decl., Ex. A (September 22, 2015 letter from McGraw-Hill's counsel), *citing Steele v. Bell*, 2012 WL 6641491 * 1 (S.D.N.Y. 2012); *Shaw Family Archives, Ltd. v. CMG Worldwide, Inc.*, 2008 WL 4127549 (S.D.N.Y. 2008).
[77] Fed. R. Civ. Proc. 13(a)(1).
[78] 299 F.2d 353 (5th Cir. 1962).

> "Taking the Rules at face value, it is clear that a plaintiff must have a claim before a defendant is required to assert a compulsory counterclaim. A counterclaim must be pressed only when it is related to the '… subject matter of the opposing party's claim ….' That is what makes it a counterclaim. And it is only to such a counterclaim that the Rule attaches a compulsory character. When [defendant's] motion to dismiss was successful, it was a judicial determination that [plaintiff] had no claim upon which relief could be granted. If there was no claim, no counterclaim was required."[79]

As another court observed in the bankruptcy context, "[i]t is conceptually impossible for the debtor to have any *counter* claim against the government, let alone a *compulsory* one, when the government has *no* claim against the debtor."[80]

The same is true here. If the Court dismisses McGraw-Hill's declaratory relief claims for lack of subject matter jurisdiction, as JFPI requests, JFPI will have no viable McGraw-Hill claims to *counter*. Thus, JFPI's "counterclaims" cannot logically be viewed as *compulsory*.

McGraw-Hill's position is also at odds with "the policies underlying the doctrines of *res judicata* and collateral estoppel: to conserve judicial resources and protect litigants from the expense of multiple lawsuits."[81] When a defendant's responsive pleading is not required, because the plaintiff has no viable claim, it is inappropriate to "punish [the defendant] for interposing a successful motion to dismiss before answering by stripping it of the right to bring claims that, in hindsight, could or should have been brought had the motion to dismiss failed."[82]

Here, when McGraw-Hill filed its Complaint, JFPI did not know whether McGraw-Hill had conducted a reasonable pre-filing investigation to determine if: (1) it had copies of all of the

---

[79] *Id.* at 356, *citing* Fed. R. Civ. Proc. 13(a); *see also Borden v. Saxon Mortg. Services, Inc.*, 469 Fed.Appx. 752 * 1 (11th Cir. 2012) ("After summary judgment was granted [on the Complaint],… [t]he district court then dismissed the counterclaims without prejudice." "It is irrelevant whether Appellees' counterclaims were compulsory, as nothing in Rule 13 prevents a party from voluntarily dismissing compulsory counterclaims when there are no claims remaining from the original Complaint." "After review, we affirm the district court.").

[80] *In re Unroe*, 144 B.R. 85, 88 (Bankr. S. D. Ind. 1992) (original emphases).

[81] *Mutual Fire, Marine and Inland Ins. Co. v. Adler*, 726 F.Supp. 478, 483 (S.D.N.Y. 1989).

[82] *Id.*; *see also National Union Fire Ins. Co. of Pittsburgh, PA v. Jett*, 118 F.R.D. 336, 338 (S.D.N.Y. 1988) (citing *Lawhorn* with favor, and holding that defendant had no obligation to assert compulsory counterclaims where plaintiff's claims were dismissed).

pertinent licensing documents; (2) it could support its allegations that the Court had subject matter jurisdiction by reference to details about specific claims that had taken "fixed and final shape"; and (3) it could prove at trial that it was entitled to a declaratory judgment of non-liability for copyright infringement because it had not exceed the scope of the limited licenses that Corbis had issued to McGraw-Hill. JFPI asserted its Counterclaims in the belief that they were compulsory, because they arise out of the same transactions or occurrences that are, ostensibly, the subject matter of McGraw-Hill's declaratory relief claims. It was only during discovery that JFPI learned that McGraw-Hill, and Corbis, claim that many of the pertinent invoices are unavailable, and that McGraw-Hill has no ability to support its related declaratory relief claims with sufficient specificity to support subject matter jurisdiction.

McGraw-Hill should not be allowed to manipulate the declaratory relief and compulsory counterclaim procedures, for improper strategic reasons, through a refusal now to voluntarily dismiss claims it cannot prove. McGraw-Hill is not entitled to, effectively, prevail on its own legally-insufficient declaratory relief claims by refusing to voluntarily dismiss them while also asserting JFPI dismiss its corresponding counterclaims with *prejudice*.

This conclusion is reinforced by the "declaratory judgment exception," the Second Circuit has recognized.[83]

> "A common purpose behind both declaratory judgment availability and the doctrine of res judicata is litigation reduction and the conservation of judicial resources. Declaratory relief enables federal courts to clarify the legal relationships of parties before they have bene disturbed thereby tending towards avoidance of full-blown litigation. Similarly, res judicata operates to relieve parties of the cost and vexation of multiple lawsuit, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication. *A requirement that parties to an action for declaratory relief bring all possible claims and counterclaims at that juncture or else be barred by res judicata, would undermine efficient adjudication and optimal use of judicial resources.* Actions for declaratory relief would rapidly develop into full-scale legal contests, and the

---

[83] *Harborside Refrigerated Services, Inc. v. Vogel*, 959 F.2d 368, 372-73 (2d Cir. 1992) (emphasis added).

option of a preliminary suit limited to a declaration of the rights of the parties would evaporate. To permit res judicata to be applied in such a case beyond the precise issue before the court would subvert the very interests in judicial economy that the doctrine was designed to serve."[84]

Similarly, JFPI cannot be deemed to have counterclaims that are *compulsory* – and that can only be dismissed with prejudice – since McGraw-Hill's corresponding claims are legally insufficient, and the Court does not have subject matter jurisdiction to adjudicate them. To hold otherwise would subvert both the policies underlying the declaratory judgment and compulsory counterclaim procedures, and principles of res judicata.

## CONCLUSION

Accordingly, JFPI respectfully asks the Court to: (1) dismiss rows for which no invoice has been produced,[85] and for which the corresponding counterclaim has been withdrawn with prejudice[86] in Exhibit 1 to McGraw-Hill's First Amended Complaint pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and/or pursuant to the Court's discretion under Section 2201(a); (2) dismiss McGraw-Hill's remaining declaratory relief claims for lack of subject matter jurisdiction, pursuant to the Court's discretion under Section 2201(a), and/or for failure to state a claim under Rule 12(c); and (3) modify the scheduling order, and grant JFPI leave to amend to withdraw rows 3-9, 12-19, 22-26, 29-35, 367-46, 49-52, 54-73, 75, 81-85, 87-89, 94, 96-97, 100, 102, 104, 108, 110, 112, 114, 117, 123-124, 215 and 480 in Exhibit A to JFPI's Counterclaims, without prejudice.

Dated: October 15, 2015        Defendant and Counterclaimant
                                       John Feingersh Photography, Inc.,

---

[84] *Id.* at 373 (quotation marks and citations omitted).
[85] Rows without an invoice: 3-9, 12-19, 22-26, 29-35, 37-46, 49-52, 54-73, 75, 81-82, 84-86, 91, 93-94, 97, 99, 101, 105, 107, 109, 111, 114, 120-121 and 209.
[86] Rows in Amended Complaint Exhibit corresponding to withdrawn counterclaim rows: 164, 168, 171, 175-176, 178, 193-195, 198-199, 201, 204, 207-208, 213-214, 216, 219, 232-234, 238-239, 242-247, 251-252, 254-255, 264-265, 267, 272-273, 277, 284-291, 301, 308-309, 317, 320, 324, 327 and 341.

by its attorneys,

/s Amanda L. Bruss
Amanda L. Bruss (of counsel)
Harmon & Seidman LLC
12354 East Bates Circle
Aurora, CO 80014
(415) 271-5754
Email: amanda@harmonseidman.com

Christopher Seidman (licensed in New York)
Harmon & Seidman LLC
101 S. Third Street, Suite 265
Grand Junction, CO 81501
(970) 245-9075
Email: chris@harmonseidman.com

Maurice Harmon (of counsel)
Harmon & Seidman LLC
11 Chestnut Street
New Hope, PA 18938
(917) 561-443
Email: maurice@harmonseidman.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2015, I caused the foregoing pleading to be filed via

the CM/ECF system, which will serve a Notice of Electronic Filing to all counsel of record.

s/ Amanda L. Bruss
Amanda L. Bruss